IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Marcus Antwan Manick,                )
                                     )
              Petitioner,         )
                                     )     Civil Action No. 6:22-cv-2490
v.                                   )
                                     )     **ORDER**
M. Caughman, J. Bearden, P. Nichols, )
                                     )
              Defendants.         )
_____ )

      This matter is before the Court upon pro se Plaintiff Marcus Antwan Manick's ("Plaintiff") motion to proceed in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

      On August 9, 2022, Magistrate Judge Kevin F. McDonald issued a report and recommendation ("Report"), outlining the matter and determining that Plaintiff is subject to the "three strikes" rule set forth in the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), because four of Plaintiff's previously filed actions have been dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a claim. (*See* ECF No. 8 at 3.) In other words, the Magistrate Judge determined that because Plaintiff has at least "three strikes" and because Plaintiff's instant claims do not satisfy the rule's standard of "imminent danger of serious physical injury," 28 U.S.C. § 1915(g), Plaintiff cannot proceed with this action in forma pauperis and must instead pay the full filing fee. Attached to the Report was a notice advising Plaintiff of his right to file specific, written objections to the Report, which he did on August 24, 2022. (ECF No. 12.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In his one-page objections, Plaintiff asserts that he is in imminent danger; however, after review, the Court finds no merit to Plaintiff's entirely conclusory assertions and agrees with the Magistrate Judge that Plaintiff's allegations simply do not meet the imminent danger requirement of § 1915(g), which is to be narrowly construed. Accordingly, the Court overrules Plaintiff's objections and adopts in full the Magistrate Judge's Report.

Here, because Plaintiff has at least three strikes under § 1915(g), and because Plaintiff's claims do not satisfy the standard of "imminent danger of serious physical injury" under § 1915(g), the Court adopts the Magistrate Judge's Report (ECF No. 8) and denies Plaintiff's motion to proceed in forma pauperis (ECF No. 2). Plaintiff has 21 days to pay the filing fee or this case will be dismissed.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

December 5, 2022
Charleston, South Carolina

2